IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. 1:12-cv-1275-AP

DINÉ CITIZENS AGAINST RUINING OUR ENVIRONMENT;
SAN JUAN CITIZENS ALLIANCE;
SIERRA CLUB;
CENTER FOR BIOLOGICAL DIVERSITY; and
AMIGOS BRAVOS,

      Plaintiffs/Petitioners,

vs.

UNITED STATES OFFICE OF SURFACE MINING RECLAMATION AND
ENFORCEMENT, an agency within the U.S. Department of the Interior;
KENNETH L. SALAZAR, in his official capacity as Secretary of the Interior;
AL KLEIN, in his official capacity as Regional Director of U.S. Office of Surface Mining
Reclamation and Enforcement, Western Region;
BOB POSTLE, in his official capacity as Manager of the Program Support Division for
the Western Region of the Office of Surface Mining Reclamation and Enforcement;
RICK WILLIAMSON, in his official capacity as Manager of the Indian Programs Branch
of the Western Region of the Office of Surface Mining Reclamation and Enforcement;
and
MYCHAL YELLOWMAN, in his official capacity as Navajo Mine Team Leader in the
Office of Surface Mining Reclamation and Enforcement,

      Defendants/Respondents, and

BHP NAVAJO COAL COMPANY, a Delaware corporation.

      Intervenor/Defendant.

---

# ORDER

---

Kane, J.

      This matter is currently before me on Proposed Defendant Intervenors BHP

Navajo Coal Company's Motion for Leave to Intervene (Doc. 15).  After carefully

considering the motion and the accompanying brief in support and applying the legal

standards set forth by the Tenth Circuit in *San Juan County, Utah v. United States*, 503

F.3d 1163, 1188 (10th Cir. 2007)(en banc), I am persuaded to GRANT the motion.  The

clerk shall enter the answer attached as Exhibit 1 to their Motion to Intervene.

 Defendant Intervenors' participation is not, however, without limitation.

Defendant Intervenors' participation will be limited in this appeal in the interest of the

efficient conduct of the proceedings.  Rule 24(a)(2)'s "reference to practical consideration

in determining whether an applicant can intervene implies that those same considerations

can justify limitations on the scope of intervention."  *San Juan County*, 503 F.3d at 1189.

"[I]ntervention of right under the amended rule may be subject to appropriate

considerations or restrictions responsive among other things to the requirements of

efficient conduct of the proceedings." *Id.* (quoting Fed. R. Civ. P. 24 Advisory

Committee Notes (1966 Amendment)).

 Accordingly, counsel for Defendants and counsel for Defendant Intervenors must

confer before filing any motion, responsive filing, or brief to determine whether their

positions may be set forth in a consolidated fashion.  Defendant Intervenors may file

separate motions, responsive filings, or briefs only to raise arguments or issues

Defendants decline to raise in their filings.  Those arguments must be limited to the

claims raised by the original parties; arguments relating to collateral issues will be

stricken as immaterial.  Any separate filings must include a Certificate of Compliance,

confirming compliance with this conferral requirement.  The Certificate of Compliance

should also include a statement that the Defendant's position does not adequately cover the issues they seek to raise.

Dated this 24th  day of August, 2012.

BY THE COURT:


***s/John L. Kane***
John L. Kane, Senior Judge
United States District Court