**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:12-cv-1275-AP

DINÉ CITIZENS AGAINST RUINING OUR ENVIRONMENT;
SAN JUAN CITIZENS ALLIANCE;
SIERRA CLUB;
CENTER FOR BIOLOGICAL DIVERSITY; and
AMIGOS BRAVOS,

    Petitioners,

vs.

UNITED STATES OFFICE OF SURFACE MINING RECLAMATION AND ENFORCEMENT, an agency within the U.S. Department of the Interior;
KENNETH L. SALAZAR, in his official capacity as Secretary of the Interior;
AL KLEIN, in his official capacity as Regional Director of U.S. Office of Surface Mining Reclamation and Enforcement, Western Region;
BOB POSTLE, in his official capacity as Manager of the Program Support Division for the Western Region of the Office of Surface Mining Reclamation and Enforcement;
RICK WILLIAMSON, in his official capacity as Manager of the Indian Programs Branch of the Western Region of the Office of Surface Mining Reclamation and Enforcement; and
MYCHAL YELLOWMAN, in his official capacity as Navajo Mine Team Leader in the Office of Surface Mining Reclamation and Enforcement,

    Respondents.

**JOINT CASE MANAGEMENT PLAN FOR PETITION FOR REVIEW OF AGENCY ACTION**

**1.      Appearances of Counsel**

For Petitioners:                                         For Respondents:

Shiloh Hernandez                                     Peter McVeigh

1

Western Environmental Law Center
103 Reeder's Alley
Helena, MT 59601
t: 406-204-4861
hernandez@westernlaw.org

U.S. Department of Justice
P.O. Box 7415
Ben Franklin Station
Washington, D.C. 20044-7415
t: 202-514-4642
peter.mcveigh@usdoj.gov

For Proposed Intervenor BHP Navajo Coal Company:

Walter E. Stern
Maria O'Brien
Joan E. Drake
Deana M. Bennett
P.O. Box 2168
Bank of America Centre
500 Fourth Street NW, Suite 1000
Albuquerque, New Mexico 87103-2168
t: 505-848-1800
western@modrall.com

Counsel for Petitioners and Respondents invited counsel for Proposed Intervenor BHP Navajo Coal Company to participate in communications concerning the preparation of this Joint Case Management Plan, which communications occurred following the filing of BHP Navajo Coal Company's Motion to Intervene.

**2.     Statement of Legal Basis for Subject Matter Jurisdiction**

The Court has jurisdiction based on the presentation of a federal question, 28 U.S.C. § 1331.

Without prejudice to any other potential jurisdictional or non-jurisdictional defenses, Respondents and Proposed Intervenor anticipate that they will or may raise the following jurisdictional and related defenses:  standing, mootness, exhaustion of

administrative remedies, and res judicata.  Proposed Intervenor anticipates that it also will assert the following defense:  failure to join a party under Rule 19 of the Federal Rules of Civil Procedure.

**3.     Dates of Filing of Relevant Pleadings**

     **A.**     **Date Petition for Review was filed:** 5/15/2012

     **B.**     **Date Petition was served on U.S. Attorney's office:** 5/24/2012

     **C.**     **Date Answer or other response was filed:** 7/23/2012

**4.     Statement Regarding Whether This Case Raises Unusual Claims or Defenses**

None.

**5.     Other Matters**

The Parties anticipate that the Navajo Nation will move to intervene for the limited purpose of moving to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(7) and 19.

Proposed Intervenor BHP Navajo Coal Company moved to intervene August 17, 2012.  Petitioners expect intervention to be granted.  Counsel for Proposed Intervenor BHP Navajo Coal Company indicated that Proposed Intervenor would have no objection to this proposed joint case management plan.

Parties and Proposed Intervenor BHP Navajo Coal Company agree that there is the possibility of productive settlement discussions.

Petitioners may seek preliminary injunctive relief.

**6. Proposed Briefing Schedule**

Given the Navajo Nation's anticipated intervention and motion to dismiss and in the interest of preserving the limited resources of the parties and Court alike, the briefing schedule is based on the date of the resolution of the Navajo Nation's anticipated motion to dismiss. This proposed briefing schedule shall not limit any party's right to seek or support a request for a stay or other appropriate modification of the briefing schedule following the Court's ruling. The Parties also recognize that the briefing schedule may be altered if interlocutory appellate review is sought of the Court's ruling on the Navajo Nation's anticipated motion to intervene and/or the Court's ruling on the Navajo Nation's anticipated motion to dismiss.

The Parties and Proposed Intervenor also agree to a bifurcated briefing process, such that briefing on the remedies will only occur, if necessary, after the Court has decided the merits of the case. Bifurcation may serve to conserve judicial resources and the resources of the Parties.

A. **Deadline for filing administrative record:** The later of: (1) 45 days from resolution of the Navajo Nation's anticipated motion to dismiss; or (2) November 16, 2012.

B. **Deadline for parties to confer on record disputes:** 30 days from the filing the administrative record.

**C.     Deadline for filing motions to complete and/or supplement the administrative record:** 30 days from the deadline for conferring on record disputes.

**D.     Petitioners' opening merits brief due:** 30 days from the deadline for conferring on record disputes, unless motions to complete and/or supplement the administrative record are filed in which case the opening merits brief shall be due 30 days from the Court's decision on such motions.

**E. Respondents' and Defendant-Intervenor's response merit brief due**: Respondents shall file their merits response brief within 30 days from the date of the filing of Petitioners' opening merits brief. Respondent-Intervenors shall file their merits response brief within 40 days from the date of the filing of Petitioners' opening merits briefs. Respondent-Intervenors shall comply with the Court's Order granting intervention. (ECF Doc. #18).

**F.     Petitioners' reply merits brief due:** 15 days from the date of the filing of Respondents' response merits brief.

**G.     If necessary, remedies briefing:** The Court shall set a schedule for remedies briefing after ruling on the merits.

**7.     Statements Regarding Oral Argument**

**A.     Petitioners' statement:** Petitioners request oral argument, to answer questions and clarify issues for the Court.

**B.** **Respondents' statement:** Respondents request oral argument on the merits.

**C.** **Proposed Intervenor's statement:** Proposed Intervenor BHP Navajo Coal Company supports oral argument to the degree that it would be useful to the Court.

**8. Consent to Exercise of Jurisdiction by Magistrate Judge**

All parties have not consented to the exercise of jurisdiction by a United States Magistrate Judge.

**9. Other Matters**

Counsel for Respondents notes that he will be out of the country on personal travel from August 25, 2012, to September 8, 2012.

**10. Amendments of Joint Management Plan**

The parties agree that the Joint Case Management Plan may be altered or amended only upon a showing of good cause. The parties and Proposed Intervenor BHP Navajo Coal Company recognize that the plan may be subject to change depending on the needs of expected limited Intervenor Navajo Nation.

Dated this 24th day of August, 2012.

By the Court:

s/John L. Kane
United States District Judge

Approved:

/s/ Shiloh Hernandez
Shiloh Hernandez
Western Environmental Law Center
103 Reeder's Alley
Helena, MT 59601
t: 406-204-4861
hernandez@westernlaw.org

*Attorney for Petitioners*

/s/ Peter McVeigh
Peter McVeigh
U.S. Department of Justice

*Mailing address:*
P.O. Box 7415
Ben Franklin Station
Washington, D.C. 20044-7415
t: 202-514-4642
peter.mcveigh@usdoj.gov

*Street Address:*
950 Pennsylvania Ave., N.W.
Robert F. Kennedy Bldg., Rm. 2630
Washington, D.C. 20530

*Attorney for Respondents*